IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TOBY E. CARTER                                                                                 PLAINTIFF

v.                                  Civil No. 6:17-cv-06059

SHERIFF MIKE MCCORMICK,
SOUTHWEST CORRECTIONAL
MEDICAL GROUP, CAPTAIN RONNIE
BRANSTETTER, and NURSE
KAY DUKES                                                       DEFENDANTS

**ORDER**

Before the Court is Plaintiff Toby E. Carter's Motion to Award Compensatory and Punitive Damages (ECF No. 15) against Defendants Southwest Correctional Medical Group ("SWCMG") and Nurse Kay Dukes. Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff is now represented by Justin Byrum Hurst and Josh Q. Hurst.

**I. BACKGROUND**

On July 7, 2017, Plaintiff filed this suit. On July 14, 2017, the Court ordered service on Defendants SWCMG and Dukes via certified mail with a return receipt requested, in care of SWCMG's registered agent CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72210. (ECF No. 7). On July 27, 2017, the Court received notice that the summons was returned executed and accepted for these Defendants by CT Corporation with their answers due on August 10, 2017. (ECF No. 11). As of the date of this Order, neither Defendant SWCMG nor Dukes has filed an answer to Plaintiff's complaint.

On September 26, 2017, Plaintiff filed the instant motion, asking the Court to find Defendants SWCMG and Dukes at fault for their failure to respond to the complaint and to award Plaintiff damages in a certain amount, as well as paid medical treatment and equipment for life. (ECF No. 15). The Court construes the instant motion as a motion for default judgment.

On October 17, 2017, the Court entered an order noting that it previously ordered service on Defendants SWCMG and Dukes at different addresses than those identified in Plaintiff's Complaint. The Court then re-issued service to Defendants SWCMG and Dukes at the addresses provided for them in Plaintiff's Complaint.[1] (ECF No. 19). On November 9, 2017, the re-issued summons for Defendant SWCMG was returned executed, indicating that its answer was due by November 24, 2017. (ECF No. 23). As of the date of this Order, Defendant SWCMG has not filed an answer to Plaintiff's Complaint. On November 15, 2017, the re-issued summons for Defendant Dukes was returned unexecuted with a note that "USPO attempted service – not known unable to forward returned to sender." (ECF No. 24).

On November 16, 2017, the Court entered an order directing Plaintiff to provide the Court with an address or identifying information to use in serving Defendant Dukes no later than November 30, 2017. (ECF No. 25). This Order informed Plaintiff if he failed to provide additional information by the deadline, Defendant Dukes would be terminated as a party in this case. To date, Plaintiff has not provided the Court with a current address for Defendant Dukes.

## II. DISCUSSION

Rule 55 (a) of the Federal Rules of Civil Procedure provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, with respect to a default judgment, "the Court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct

---

[1] Plaintiff provided the following address for Defendants SWCMG and Dukes: Garland County Detention Center, 3564 Albert Pike Road, Hot Springs, Arkansas 71913. Plaintiff's Complaint (ECF No. 1) and the Motion to Award Compensatory and Punitive Damages (ECF No. 15) were also sent to Defendants SWCMG and Dukes, along with the summons.

an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R .Civ. Proc. 55 (b)(2).

First, Defendant SWCMG appears to have been served twice, once on July 20, 2017, through its registered agent for service, CT Corporation, (ECF No. 11) and again on November 11, 2017, at the Garland County Detention Center. (ECF No. 23). Defendant SWCMG has failed to respond to Plaintiff's Complaint. Accordingly, the Court finds that entry of default is appropriate as to Defendant SWCMG. However, the Court declines to enter a default judgment at this time, as a hearing will be necessary to determine the amount of damages Plaintiff is entitled to, if any, from Defendant SWCMG.

Second, on July 14, 2017, the Court ordered service of Defendant Dukes through CT Corporation. Plaintiff's Complaint did not identify CT Corporation as Defendant Dukes' agent for service. Although it appears that CT Corporation accepted service on Defendant Dukes' behalf, it is not clear whether Defendant Dukes was served or whether CT Corporation was Defendant Dukes' agent for service. The Court subsequently ordered that service be delivered to Defendant Dukes at the address provided by Plaintiff's Complaint.[2] That summons was returned unserved by the United States Marshal. Thus, the Court finds that Defendant Dukes has not been served, and Plaintiff's time to serve her has passed. *See* Fed. R. Civ. P. 4(m) (providing a ninety-day time limit for a plaintiff to serve a defendant, measured from the date the complaint is filed). Accordingly, the Court finds that entry of default is not proper against Defendant Dukes at this time and the instant motion will be denied to the extent that it requests entry of default or default judgment against Defendant Dukes.

---

[2] United States Magistrate Judge Barry A. Bryant found that service had been improvidently ordered on Defendant Dukes through CT Corporation. (ECF No. 19). Judge Bryant then ordered service on Defendant Dukes at the address provided by Plaintiff.

3

On January 29, 2018, counsel entered an appearance on Plaintiff's behalf.  **Within thirty (30) days of the date of this Order**, Plaintiff's counsel is ordered to either perfect service as to Defendant Dukes or notify the Court that Plaintiff no longer wishes to proceed with his claims against her.  Failure to do either will result in the Court dismissing Plaintiff's claims against Defendant Dukes pursuant to Rule 4(m).  *See id.*

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**.  **The Clerk is DIRECTED to enter default as to Defendant Southwest Correctional Medical Group**.  A default judgment hearing will be scheduled at a later date on the issue of damages as to Defendant Southwest Correctional Medical Group.  **Within thirty (30) days of the date of this Order**, Plaintiff's counsel is ordered to either perfect service as to Defendant Dukes or notify the Court that Plaintiff no longer wishes to proceed with his claims against her.  Failure to do either will result in the Court dismissing Plaintiff's claims against Defendant Dukes pursuant to Rule 4(m).

**IT IS SO ORDERED**, this 14th day of March, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge